IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD D'MOND KELLY, #65659**                                                    **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 1:15cv232-RHW**

**RONALD WOODALL**                                                                   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court is [35] Defendant's June 1, 2016 motion for summary judgment in this prisoner civil rights lawsuit, to which Plaintiff has filed no response. Also before the Court is [40] Plaintiff's June 20, 2016 "Dispositive Motion" and Defendant's June 22, 2016 response. [41] Both motions are ripe for ruling. The parties have consented to the exercise of jurisdiction by the United States Magistrate Judge and the case has been reassigned to the undersigned for all further proceedings. [23], [24]

### Facts and Procedural History

Reginald D'Mond Kelly, Inmate # 65659, acting *pro se* and *in forma pauperis*, filed this lawsuit on July 16, 2015, pursuant to 42 U.S.C. § 1983. According to the Mississippi Department of Corrections web site, Kelly has been in the MDOC system since May 2014. He is serving sentences totaling 18 years for Lauderdale County, Mississippi convictions for possession of cocaine and possession of a firearm by a convicted felon. When he filed suit, Kelly was confined at South Mississippi Correctional Institution (SMCI), where Woodall, a medical doctor, provided care for inmates. Kelly alleges Dr. Woodall violated his right to constitutionally adequate medical care by not providing him eye surgery for keratoconus, an eye condition involving abnormal conical bulging of the cornea which affects vision and can lead to blindness. Kelly's complaint states the condition began 18 months before he filed suit, but at the

February 25, 2016 *Spears*/omnibus hearing, he testified he was not diagnosed with keratoconus until after he entered the MDOC system. [35-2, pp. 7-8] Kelly testified Dr. Morano, an optometrist at SMCI, saw him for vision complaints and scheduled him to see an outside specialist, and that Dr. Griffith, an ophthalmologist at Southern Eye Clinic in Hattiesburg, Mississippi, diagnosed keratoconus on January 17, 2015.[1] [35-2, pp. 8-10] According to Kelly, Dr. Griffith stated he would not do surgery because Kelly was incarcerated and it was too dangerous, so he recommended eyeglasses. Dr. Griffith's records [39-2, pp. ] confirm that he saw Kelly in January 2015, diagnosed keratoconus. Dr. Griffith told Kelly he was "reluctant to perform a full cornea transplant due to [Kelly's] being incarcerated and the risk of altercation which could result in loss of [Kelly's] eye." Dr. Griffith recommended instead that Kelly see an optometrist for glasses or contact lenses. [39-2, p. 65] Back at the prison, Dr. Morano provided Kelly contact lenses after glasses did not alleviate the condition, but Kelly had problems losing the contacts, developed an eye infection which prevented his using them for a time, and he was transferred from SMCI to Walnut Grove Correctional Facility (WGCF) on December 11, 2015.[2] Kelly testified he was on medication for an eye infection at the time of the hearing. [35-2, pp. 10-12]

      Kelly conceded that no eye doctor has told him he should have surgery, but he claims that Dr. Morano told him only surgery would really correct his problem. [35-2, p. 13] According to Kelly, Dr. Morano stated MDOC would not permit the surgery. Kelly testified he had never seen Dr. Woodall for his eye condition, that he sued Dr. Woodall because Dr. Woodall answered his administrative remedy grievance at SMCI. [35-2, p. 16]

---

[1] Kelly's medical records show he was actually seen by Dr. Griffith on January 27, 2015. [39-2, pp. 65-73]

[2] Kelly's medical records show the transfer to WGCF was at his request. [39-2, pp. 136-39]

In support of his motion, Dr. Woodall submitted his own affidavit [35-3], a transcript of Kelly's hearing testimony [35-2] and copies of his medical records [39-2]. Dr. Woodall confirms that he is a medical doctor who sees inmates at SMCI (but not at WGCF), and that he is familiar with Kelly's records and treatment at SMCI and also by Dr. Cameron Griffith. Dr. Woodall states Dr. Griffith has not recommended surgery "due to the risk of an altercation during incarceration," but has recommended contact lenses and/or glasses which Kelly has been provided. Dr. Woodall further avers that he has followed the recommendations of Dr. Griffith and Dr. Mareno, and has provided Kelly with all necessary and appropriate treatment. Dr. Woodall states he is not authorized to perform surgery on Kelly's eyes. Kelly asks this Court to require that he be provided surgery for his condition.

## Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that a motion for summary judgment be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)("An issue is material if its resolution could affect the outcome of the action"); *Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 812 (5th Cir. 2010) ("An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party)". On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005); *Sierra Club, Inc.,* 627 F.3d at 138. The party who

bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

One seeking summary judgment must identify those portions of the pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. If the movant fails to show the absence of a genuine issue concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). However, once the movant carries his burden, the burden shifts to the non-movant to show summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial, by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Cuadra*, 626 F.3d at 812; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986)(non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response"). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). When deciding whether a genuine fact issue exists, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

## Discussion

The Constitution does not guarantee prisoners the best medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at * 7

(S.D. Miss. September 25, 2006). The Constitution guarantees prisoners "only adequate, *not optimal* medical care." *Spriggins v. LaRavia*, 2012 WL 1135845 at *4 (E.D. La., April 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). The standard by which this case must be judged is deliberate indifference to serious medical needs. The Eighth Amendment prohibition against cruel and unusual punishment is violated "when [prison officials] are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dept. of Criminal Justice,* 91 Fed.Appx. 963, 964 (5th Cir. 2004), citing *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). "[T]he determinative issue ... is not whether the medical treatment plaintiff received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether his serious medical needs were met with *deliberate indifference*." *Spriggins*, 2012 WL 1135845 at * 5.

"Deliberate indifference is an extremely high standard to meet," requiring that Kelly show both an "objective exposure to a substantial risk of serious harm" and that Dr. Woodall "acted or failed to act with deliberate indifference to that risk." *Gobert*, 463 F.3d at 345-46 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Dr. Woodall contends Kelly cannot show that he was deliberately indifferent to Kelly's medical needs. Deliberate indifference cannot be inferred from negligent, or even grossly negligent, acts or omissions of a defendant; mere negligence, neglect, unsuccessful medical treatment or even medical malpractice do not give rise to a § 1983 cause of action. *See*, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Estelle v. Gamble*, 429 U.S. 97, 105-6 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). A prisoner claiming deliberate indifference of serious medical needs must submit evidence that Defendant "refused

to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed.Appx. at 965; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985).  Kelly himself testified he never saw Dr. Woodall for treatment of his eye condition, and no evidence before the Court shows Dr. Woodall was responsible for the actions/inactions of those involved in Kelly's treatment.  "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d at 742.

      Kelly's medical records show he regularly sought and received medical attention from doctors, nurses, and health care personnel at the prison, and that he was additionally seen by at least one outside specialist, who did not recommend surgery.  The records and Dr. Woodall's affidavit establish that when Kelly requested medical attention, he received it.  "[M]edical judgments are not to be lightly second-guessed in a federal civil rights action." *Castro v. Louisiana*, 2008 WL 5169401, at *4 (E.D. La. December 8, 2008).  Kelly's disagreement with his treatment does not state a constitutional claim for deliberate indifference.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Spriggins*, 2012 WL 1135845 at * 4, quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  Kelly wants surgery for his eye condition, surgery which Dr. Woodall is not authorized to do.  That Kelly desires different treatment does not entitle him to it, and the fact that his preference has not been granted does not constitute deliberate indifference.  *See*, *Gamage v. Wexford Health Sources, Inc.*, 2013 WL 704933 at *5 (S.D. Miss., February 26,

2013); *Davidson*, 91 Fed.Appx. at 965; *Harris v. Epps*, 2012 WL 3114555, at *4 (S.D. Miss. July 31, 2012).

Kelly's one-page "dispositive motion" merely repeats his previous allegations and requests that the Court "consider this as an open and shut case" that his Eighth Amendment rights have been violated.  However, a finding of deliberate indifference "must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson*, 759 F.2d at 1238.  Kelly has presented no evidence to demonstrate such wanton actions on the part of Dr. Woodall in this case.  Plaintiff's motion will therefore be denied, and Defendant's motion for summary judgment will be granted.  A separate judgment will be entered.

**SO ORDERED** this the 15th day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE